**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4189

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRINDELL BERNARD WILDS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00119-CCE-1)

Submitted:  January 30, 2025                     Decided:  June 13, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trindell Bernard Wilds pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 36 months' imprisonment and three years of supervised release. On appeal, Wilds's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Wilds's sentence is procedurally reasonable—specifically, whether the district court erred in applying a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021) for possession of a firearm in connection with another felony offense. Although notified of his right to do so, Wilds did not file a pro se supplemental brief. The Government declined to file a response brief. We ordered supplemental briefing on the issue raised in the *Anders* brief. We now affirm the district court's judgment.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements,

2

[we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted). If the district court's finding "is plausible in light of the record viewed in its entirety, we will not reverse [it] simply because we have become convinced that we would have decided the fact differently." *United States v. Stevenson*, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted).

Under USSG § 2K2.1(b)(6)(B), a defendant's offense level is increased by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed . . . any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The commentary to § 2K2.1 clarifies that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (cleaned up). "But the requirement is not satisfied if the firearm was present due to mere accident or coincidence." *Id.* at 163 (internal quotation marks omitted). "The Government bears the burden of proving that a defendant possessed a firearm in connection with another felony offense." *United States v. Cisson*, 33 F.4th 185, 189 (4th

3

Cir. 2022) (cleaned up).  But "[we have] emphasized that the relevant standard is not especially burdensome." *United States v. Pettus*, 90 F.4th 282, 287 (4th Cir. 2024) (internal quotation marks omitted).

Wilds's underlying felonies were felony possession of stolen goods or property (a bicycle), felony attempt to obtain property by false pretense, and felony possession of a controlled substance within 1,000 feet of a park.  At sentencing, the district court focused on whether the firearm facilitated the sale of the stolen bicycle.  Analyzing the facts surrounding Wilds's offense specifically, the court explained that the enhancement was proper because Wilds was simultaneously committing two crimes and he had the intent to bring the firearm for protection during his "shady deal". (J.A. 72).  Because Wilds admitted that he was carrying the gun for protection and he was arrested during an illegal transaction involving stolen property, it is at least plausible that the firearm had "some purpose or effect with respect to the underlying crime." *Pettus*, 90 F.4th at 287 (internal quotation marks omitted).  Accordingly, we conclude that the district court not err in applying the § 2K2.1(b)(6)(B) enhancement for possession of a firearm in connection with another felony offense and that Wilds's sentence is procedurally reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Wilds, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wilds requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that

a copy thereof was served on Wilds. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*